**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAWRENCE MALAR, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | 08-cv-0960 |
| v. | : | |
| | : | |
| DELAWARE COUNTY and | : | |
| WALTER R. OMLOR, JR., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

**JOYNER, J.**                                            **July 30, 2008**

Presently before the Court is Defendants' Motion to Dismiss
the Complaint pursuant to Rule 12(b)(6) (Doc. No. 2), and
Plaintiff's Response thereto (Doc. No. 5).  For the reasons set
forth below, Defendants' Motion shall be DENIED.

## BACKGROUND

According to the Complaint, in mid-February 2006, Plaintiff
applied for and was accepted into Defendant Delaware County's
Accelerated Rehabilitative Disposition ("A.R.D.") program for the
purpose of performing court-ordered community service.  At the
time Plaintiff applied to the A.R.D. program, he was receiving
Social Security disability benefits for a number of medical
conditions, including, among others, chronic obstructive
pulmonary disease and exertional dyspnea.  Plaintiff alleges that
the program's application form did not inquire into these
conditions or any medications Plaintiff might have been on.

Included with the Complaint is a letter which Plaintiff alleges was sent to him prior to reporting for the A.R.D. program.  This letter specifies when and where Plaintiff was to report for his community service.  This letter also advises Plaintiff to "dress for outside work" and that most work would require "walking, lifting, bending, etc."

Plaintiff's first day of community service was on February 27, 2006.  That day, upon arriving at Defendants' training center, Plaintiff alleges that he presented two notes from his treating physicians.  These notes, also included with the Complaint, advise that Plaintiff be restricted from doing physical or strenuous activity due to his various medical conditions.  Plaintiff alleges that Defendant Walter Omlor, Director of Defendant Delaware County's Community Corrections Department, was provided with these notes and subsequently assigned to Plaintiff the job of sweeping outside the training center.  Plaintiff performed his task until the end of the day, four P.M.  The forecast for that day called for a high of thirty-three degrees Farenheit, and a low of eighteen degrees.  On the next day, February 28th, Plaintiff was assigned several tasks, including "picking up trash, digging up shrubbery, and removing books" from the local police station.  The Complaint further alleges that during this second day, a supervisor noticed Plaintiff experiencing pain and having difficulty breathing, and

2

allowed him to wait in a car.  The forecast for February 28th

called for a high of thirty-six degrees Farenheit, and a low of

twenty-three degrees.

Upon returning home that evening from his service, Plaintiff

continued to have difficulty breathing and subsequently went to a

hospital.  During his five days there, Plaintiff alleges he was

diagnosed with bronchitis, pneumonia, and exacerbation of his

pulmonary disease.  Since his release from the hospital,

Plaintiff claims to continue to experience breathing problems,

and to have been prescribed an oxygen concentrator.  Plaintiff

has also been diagnosed with Type II diabetes.

On February 25, 2008, Plaintiff filed a Complaint against

Defendants alleging violation of his civil rights under 42 U.S.C.

§ 1983.  In particular, Plaintiff alleges that Defendants'

failure to screen for medical conditions and disregard of

Plaintiff's physician notes violated Plaintiff's rights under the

Fourth, Fifth, Eighth, and Fourteenth Amendments.  On March 19,

2008, Defendants filed the instant Motion to Dismiss, claiming

that Plaintiff has failed to allege a state-created danger, and

that Defendant's allegedly inadequate policies alleged cannot be

considered constitutional in scope.

## STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion to dismiss, this Court

must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (citations omitted). Plaintiff must provide factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

## DISCUSSION

### I. Count I

Count I of the Complaint alleges that Plaintiff was deprived of his "Fourteenth Amendment liberty interest in bodily safety while performing community service," in violation of 42 U.S.C. § 1983. (Compl. ¶ 28). Although Due Process imposes no affirmative duty to protect a citizen not in state custody, Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006), "a constitutional violation may occur when the state acts in a way that makes a person substantially more vulnerable to injury from another source than he or she would have been in the absence of the state intervention." Schieber v. City of Phila., 320 F.3d 409, 416 (3d Cir. 2003). This theory of § 1983 liability is known as the state-created danger doctrine, and requires four

elements for a meritorious claim:

> (1) the harm ultimately caused was foreseeable and
> fairly direct; (2) a state actor acted with a degree of
> culpability that shocks the conscience; (3) a
> relationship between the state and the plaintiff
> existed such that the plaintiff was a foreseeable
> victim of the defendant's acts . . . ; (4) a state
> actor affirmatively used his or her authority in a way
> . . . that rendered the citizen more vulnerable to
> danger than had the state not acted at all.

Bright, 443 F.3d at 281 (citations omitted).

It is clear, and Defendants do not contest, that the first,
third, and fourth elements of a state-created danger are present.
Assigning Plaintiff to perform outdoor manual labor in winter
conditions was an affirmative act that could have foreseeably
aggravated Plaintiff's pre-existing medical conditions.
Defendants claim Plaintiff has failed to establish the second
element of state-created danger, in that Plaintiff alleges no
action which "shocks the conscience." We disagree. Where, as
here, the state actor is required to make a decision under
circumstances that are neither exigent nor unhurried, the action
will shock the conscience if taken in disregard of a "great risk
of serious harm." See Sanford v. Stiles, 456 F.3d 298, 310 (3d
Cir. 2006). Accepting all allegations as true and construing the
facts in the light most favorable to Plaintiff, it could be found
that Defendants deliberately ignored compelling evidence of
Plaintiff's pulmonary disease and assigned him labor which
gravely risked inducing a heart attack or otherwise worsening an

already serious condition.  We therefore find that Plaintiff has
provided enough facts to render the alleged § 1983 violation
plausible, and has adequately pleaded Count I.


**II.  Count II**

Count II alleges that Defendants' lack of adequate training
or screening policies for community service workers violated
Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment
rights.  (Compl. ¶ 30).  When action pursuant to official
municipal policy or custom causes a constitutional tort, the
municipality may be held liable under 42 U.S.C. § 1983.  Monell
v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  The Supreme
Court has warned, however, that "[n]either the text nor the
history of the Due Process Clause supports [a] claim that the
governmental employer's duty to provide its employees with a safe
working environment is a substantive component of the Due Process
Clause."  Collins v. City of Harker Heights, 503 U.S. 115, 127
(1992).  In Collins, the Court found that a municipality's
alleged failure to adequately train or warn its sanitation
workers about risks of harm in the workplace could not be
properly characterized as shocking the conscience in a
constitutional sense.  Id. at 128.  Defendants assert that, under
Collins, Plaintiff's claim of inadequate training and screening
policies for the A.R.P. program must fail as well.  In doing so,

6

Defendants overlook a key factual element of <u>Collins</u>: there, the complainant had alleged no willful or deliberate civil rights violation. <u>Id.</u> at 125.  In the instant case, under the most favorable reading of the Complaint, Defendants' exercise of official policy could be found to have put Plaintiff deliberately and directly in serious danger.  At this stage in the litigation, with the incomplete factual record before us, we decline to definitively determine whether any of Defendants' community service policies, or lack thereof, shocks the conscience.  For now, it is enough that Plaintiff has pleaded specific policies or practices which could have caused the alleged constitutional injury.  Here, as with Count I, we find that Plaintiff has met the light burden of notice pleading in Count II.

## CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss must be DENIED.  Though we observe at this early stage that Plaintiff's allegations appear very close to the line between a § 1983 constitutional violation and ordinary negligence, at this stage of the case we must find that Plaintiff has met his relatively light burden of pleading.

An Order follows.

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LAWRENCE MALAR,                          :
                                         :          CIVIL ACTION
          Plaintiff,                     :
                                         :          08-cv-0960
     v.                                  :
                                         :
DELAWARE COUNTY and                      :
WALTER R. OMLOR, JR.,                    :
                                         :
          Defendants.                    :

**ORDER**

     AND NOW, this  30th  day of July, 2008, upon consideration
of Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P.
12(b)(6) (Doc. No. 2), and Plaintiff's response thereto (Doc. No.
5), it is hereby ORDERED that Defendants' Motion is DENIED.


                                   BY THE COURT:



                                   s/J. Curtis Joyner
                                   J. CURTIS JOYNER, J.